**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

FILED & ENTERED

JUL 22 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Osherl     DEPUTY CLERK

| | |
|---|---|
| In re:<br><br>LISA HINES,<br>aka Lisa R. Hines,<br>aka Lisa Dunn,<br><br>Debtor. | Case No.: 1:25-bk-10950-MB<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S:**<br><br>**[1] MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF TITLE DISPUTE [CASE DKT. 61]; AND**<br><br>**[2] MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF TITLE DISPUTE [CASE DKT. 70]** |

On May 30, 2025 (the "Petition Date"), the chapter 7 debtor, Lisa Hines (the "Debtor"), filed her voluntary chapter 7 petition (the "Petition"), which lists her residence as 20629 Londelius Street, Winnetka, California (the "Londelius Property"), her mailing address as Post Office Box 7614, Van Nuys, California 91409-9998 and her email address as: lisahines8@gmail.com. Case Dkt. 1 at 2, 8. In addition to the Londelius Property, Debtor listed on Schedule A/B an interest in real property located at 15606 Simonds Street, Granada Hills, California (the "Granada Hills Property"). *Id*. at 13.

**Relevant Procedural History**

On June 10, 2025, DK Consolidated Investments, L.L.C. ("DK") filed its unlawful detainer relief from stay motion (the "Granada Hills RFS Motion") seeking relief from the automatic stay to commence a state court unlawful detainer proceeding against Debtor regarding the Granada Hills Property. Case Dkt. 17. DK asserts title to the Granada Hills Property based on a trustee's deed upon sale recorded on or about May 22, 2025, prior to the Petition Date. *Id*. at 16-20. Because the

1. Granada Hills RFS Motion was calendared on regular notice for hearing on July 15, 2025,
2. opposition was due no later than July 1, 2025. Local Bankruptcy Rule 9013-1(f)(1). DK provided
3. notice of the opposition deadline to Debtor. Case Dkt. 17 at 2, ¶ 6. Debtor did not timely oppose
4. the Granada Hills RFS Motion and instead, on the evening of July 14, 2025, filed her first *Motion*
5. *to Stay Proceedings Pending Resolution of Title Dispute* (the "First Motion"). Case Dkt. 61. At the
6. July 15, 2025, hearing on the Granada Hills RFS Motion, Debtor appeared and opposed the
7. Motion; the Court explained that it would treat the First Motion as late-filed opposition to the
8. Granada Hills RFS Motion. At the July 15, 2025, hearing, the Court granted the Granada Hills RFS
9. Motion and made oral findings of fact and conclusions of law. On July 21, 2025, the Court entered
10. its order granting the Granada Hills RFS Motion. Case Dkt. 78.

**Relief Requested in Debtor's Two Motions to Stay the Bankruptcy Proceedings**

12. On July 18, 2025, Debtor filed a *Notice and Motion to Stay Proceedings Pending*
13. *Resolution of Title Dispute* (the "Second Motion," and, collectively with the First Motion, the
14. "Motions"). Case Dkt. 70. The caption of the Second Motion references a declaration of Debtor,
15. but no declaration is attached to either of the Motions.  On July 18, 2025, Debtor also filed a
16. *Statement of Facts and Points of Law in support of Motion to Stay and Challenging Standing* (the
17. "Statement"), which appears to be offered in support of the Second Motion and is a duplicate of
18. pages 7 through 12 of the First Motion; no declaration is attached to the Statement. Case Dkt. 72.
19. Both Motions ask the Court to stay "all proceedings concerning relief from the automatic
20. stay and any related actions affecting the subject property located at 15606 Simonds Street,
21. Granada Hills California 91344, pending resolution of the serious and material disputes as to title
22. and standing." Case Dkt. 61 at 2; Case Dkt. 70 at 2. The Second Motion also prays for an order
23. requiring any party "claiming to be a beneficiary to produce the entire chain of title" and a criminal
24. referral to the United States Trustee, the Department of Justice, the United States Postal Inspection
25. Service, the Attorney General for the State of California and the State Bar of California, apparently
26. for alleged mail fraud and recording fraud. Case Dkt. 70 at 6-8.  Despite praying for a stay of
27. proceedings until future state court litigation regarding the Granada Hills Property is concluded, the
28. majority of the exhibits attached to the Second Motion relate to the Londelius Property, not the

Granada Hills Property. Case Dkt. 70 at 19-50.  It is unclear whether any of the exhibits to the Second Motion relate to the Granada Hills Property as some exhibits include only a few pages of multi-page documents. Case Dkt. 70 at 17-18, pages 1 and 2 of a 22-page document recorded on January 25, 2024, twenty pages of which are missing.

**Discussion**

The only authority cited by Debtor in support of the relief requested in her Motions is Bankruptcy Code section 105(a) and *In re Veal*, 450 B.R. 897, 920 (B.A.P. 9th Cir. 2011). The Court's equitable powers under section 105(a) "can only be exercised within the confines of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 521 (2014). Section 105(a) does not authorize the Court to stay the bankruptcy case, or to stay relief from stay matters brought in this bankruptcy case. Nor does *In re Veal*, 450 B.R. 897 (B.A.P. 9th Cir. 2011) authorize the relief Debtor requests, as that case addressed that a movant with a colorable claim to an interest in property has standing to bring a motion under Bankruptcy Code section 362 for relief regarding that property.[1] *Veal* did not address stays of the proceedings in the bankruptcy case itself, which appears to be the relief Debtor requests in her Motions.[2]

The only authority in support of suspension of proceedings in a bankruptcy case is Bankruptcy Code section 305(a), which suspends the entirety of the bankruptcy case and not just certain matters within the case.  11 U.S.C. § 305(a). Suspension or "abstention in a properly filed

---

[1] In its oral findings of fact and conclusions of law at the July 15, 2025, hearing (which are incorporated by reference in the written Order entered on July 21, 2025), the Court found that DK had established a colorable claim to enforce its rights regarding the Granada Hills Property based on the prepetition recordation of the trustee's deed upon sale and *In re Ray*, 2016 WL 6699315, at *5–6 (B.A.P. 9th Cir. Nov. 14, 2016), *aff'd*, 703 F. App'x 601 (9th Cir. 2017) ("Here, Deutsche Bank obtained title to the Property under the Trustee's Deed Upon Sale in 2010 and obtained a writ of restitution in state court. Thus, Deutsche Bank is the presumptive current owner of the Property and obtained a right to possession in state court before Ray filed the instant bankruptcy case. As such, Deutsche Bank had a colorable claim to the Property") and *In re Edwards*, 454 B.R. 100, 106 (B.A.P. 9th Cir. 2011) ("[I]n California, once a foreclosure sale concludes and the purchaser records the deed in accordance with applicable law, the original trustor or borrower no longer has an interest or right in the subject real property").

[2] The Statement includes references to actions in 2012, 2016, 2018 and 2020 involving various banks and loan servicers and alleged wrongful foreclosures, which appear to be wholly unrelated to this bankruptcy case, Debtor, DK or the Granada Hills Property. Case Dkt. 72.

bankruptcy case is an extraordinary remedy." *Eastman v. Eastman (In re Eastman)*, 188 B.R. 621, 624 (B.A.P. 9th Cir. 1995). It is appropriate only where "the interests of creditors and the debtor would be better served by such . . . suspension." *Id.*; *In re Morabito*, 2016 WL 3267406, *5 (B.A.P. 9th Cir. Jun. 6, 2016) (same). The bankruptcy court "must make specific and substantiated findings that the interests of the creditors and the debtor will be better served by dismissal or suspension." *Marciano v. Fahs (In re Marciano)*, 459 B.R. 27, 46-47 (B.A.P. 9th Cir. 2011), *aff'd*, 708 F.3d 1123 (9th Cir. 2013) (holding that the court did not abuse its discretion in declining to stay proceedings).

Even construing the Motions liberally, Debtor has not demonstrated that any facts exist to warrant the extraordinary remedy of suspending this case and has not demonstrated that both she and her creditors would be better off if the bankruptcy case were suspended. It appears Debtor wishes to assert claims related to the prepetition foreclosure sale that resulted in DK recording a prepetition trustee's deed upon sale for the Granada Hills Property.  Even if the Court suspended this bankruptcy case, Debtor could not pursue those claims in state court because they belong to the chapter 7 trustee, not Debtor.  See *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994) (chapter 7 debtor's prepetition causes of action become property of the estate upon the bankruptcy filing and the trustee is the only party with standing to prosecute those actions); *Stoll v. Quintanar (In re Stoll)*, 252 B.R. 492, 495 (B.A.P. 9th Cir. 2000) ("Only a trustee may pursue a cause of action belonging to the bankruptcy estate"); *In re Mesi*, 2021 WL 4445099, *1 (B.A.P. 9th Cir. Sept. 28, 2021) ("All of the allegedly wrongful conduct occurred prepetition. Therefore, any claims based on that conduct belong to [debtor's] bankruptcy estate, not to him personally, and [debtor] has no standing to assert the claims"). Suspension of the bankruptcy case would leave this case in limbo and no party would have standing to prosecute any prepetition causes of action Debtor may have related to the Granada Hills Property.  In other words, suspension would benefit no one.

Debtor also requests that the Court issue an order "requiring any party claiming to be a beneficiary to produce the entire chain of title." Case Dkt. 70 at 7. Debtor's request is far from clear but appears to be a challenge to the prepetition foreclosure sale of the Granada Hills Property. To

date, no party has appeared in this case "claiming to be a beneficiary" under any deeds of trust secured by the Granada Hills Property, so Debtor's request appears unripe. Additionally, because DK recorded the trustee's deed upon sale prepetition, Debtor had neither equitable nor legal title to that property on the Petition Date and the Granada Hills Property is not property of the bankruptcy estate. *In re Edwards*, 454 B.R. at 106; 11 U.S.C. § 541(a)(1). Because it is not property of the estate, the Court has no jurisdiction over the Granada Hills Property. 28 U.S.C. § 1334(e)(1).

Finally, Debtor also prays for a criminal referral and a referral to the State Bar of California. Debtor lacks statutory standing to request a criminal referral. See *In re Baroni*, 643 B.R. 253, 273-75 (Bankr. C.D. Cal. 2022) (18 U.S.C. § 3057 "does not confer standing on litigants to request such a [criminal] referral from the court"). The Motions fail to identify whom Debtor believes should be referred to the State Bar and fails to specify any grounds for such a referral. Because the Motions are not supported by any declarations, and because almost all of the exhibits offered in support relate to the Londelius Property, and not the Granada Hills Property, the Motions are devoid of any evidentiary basis for making any referral—even if Debtor had standing to request one.

Based on the foregoing, and for good cause appearing, **IT IS HEREBY ORDERED THAT**:

1. The Motions are **DENIED.**
2. The Clerk of the Court shall serve this Order on Debtor by first class mail at the mailing address, and by email at the email address, listed in the Petition.

###

Date: July 22, 2025

Martin R Barash
United States Bankruptcy Judge