**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

FILED & ENTERED

AUG 13 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Julio    DEPUTY CLERK

| | |
|---|---|
| In re:<br><br>LISA HINES,<br>aka Lisa R. Hines,<br>aka Lisa Dunn,<br><br>          Debtor. | Case No.: 1:25-bk-10950-MB<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S:**<br><br>**[1] APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [CASE DKT. 103]; AND**<br><br>**[2] APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [CASE DKT. 105]** |

On May 30, 2025 (the "Petition Date"), the chapter 7 debtor, Lisa Hines (the "Debtor"), filed her voluntary chapter 7 petition (the "Petition"), which lists her residence as 20629 Londelius Street, Winnetka, California (the "Londelius Property"), her mailing address as Post Office Box 7614, Van Nuys, California 91409-9998 and her email address as: lisahines8@gmail.com. Case Dkt. 1 at 2, 8.

On June 4, 2025, Champery Real Estate 2015, LLC ("Champery") filed its unlawful detainer relief from stay motion (the "First RFS Motion") seeking relief from the automatic stay to proceed with a state court unlawful detainer proceeding (the "State Court UD Action") filed against Elijahs House LLC regarding the Londelius Property. Case Dkt. 12. Champery asserts title to the Londelius Property based on a trustee's deed upon sale recorded on or about December 16, 2024. *Id*. at 12-15. Ultimately, the First RFS Motion was denied without prejudice. Case Dkt. 29. On June 20, 2025, Champery filed a new unlawful detainer relief from stay motion (the "Second RFS

Motion") seeking relief from the automatic stay to proceed with the State Court UD Action and also seeking annulment of the automatic stay to the Petition Date based on the state court having entered an order postpetition granting Champery's prepetition summary judgment motion (the "State Court Order"). Case Dkt. 25; State Court Order at 80-81. Debtor appeared at the July 1, 2025, hearing on the Second RFS Motion and argued in opposition to the motion. Based on its oral findings and conclusions, the Court granted the Second RFS Motion, including annulment of the stay to the Petition Date, and ordered that the relief is binding and effective in any bankruptcy commenced by or against any debtor claiming an interest in the Londelius Property for 180 days. Case Dkt. 41. The Court denied Champery's request to waive the 14-day stay and denied all other requests for prospective relief. *Id.* The Court entered its Order on the Second RFS Motion on July 7, 2025. Case Dkt. 41.

On August 7, 2025, the Court entered an order dismissing Debtor's bankruptcy case (the "Dismissal Order"). Case Dkt. 94. On August 12, 2025, Debtor filed two motions, an *Ex Parte Motion for Immediate Relief Due to Fraud, Procedural Errors & Violation of Treaty of Marrakesh and US Constitution* and an *Ex Parte Motion to Dismiss Order Dismissing Case*, (collectively the "Motion to Vacate Dismissal"), which the Court construes as motions to vacate the dismissal of the bankruptcy case on August 7, 2025. Case Dkt. 100, 102. On August 12, 2025, Debtor also filed two *Applications for Order Setting Hearing on Shortened Time* (the "Applications for OST") asserting the Motion to Vacate Dismissal must be heard quickly as she is at risk of eviction based on a "writ of execution on a judgment obtained while in automatic stay" and refers to a June 10, 2025, state court judgment in favor of Champery. Case Dkt. 103 at 2; 105 at 1-2.

As detailed above, Champery already obtained relief from the automatic stay, and annulment of the stay, in this case with respect to the Londelius Property and the State Court UD Action. Case Dkt. 41. Because Champery already obtained relief from stay, even if the Court vacates the Dismissal Order, this will have no effect on Champery's Order on the Second RFS Motion and Champery's ability to proceed with the State Court UD Action. In other words, vacating dismissal of the bankruptcy case will not stay the State Court UD Action or Champery's

ability to exercise whatever rights it may have under nonbankruptcy law to obtain possession of the Londelius Property.

Based on the foregoing, and for good cause appearing, **IT IS HEREBY ORDERED THAT**:

1. The Applications for Orders Shortening Time are **DENIED.**

2. The Court will enter a separate order setting Debtor's Motion to Vacate Dismissal for hearing.

3. The Clerk of the Court shall serve this Order on Debtor by first class mail at the mailing address, and by email at the email address, listed in the Petition.

### # # #

Date: August 13, 2025

Martin R Barash
United States Bankruptcy Judge